People v Hallett
2026 NY Slip Op 03686
June 10, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, respondent,
v
Vincent Hallett, appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 10, 2026
2023-04789, (Ind. No. 70067/22)
Betsy Barros, J.P.
Valerie Brathwaite Nelson
Laurence L. Love
Susan Quirk, JJ.

Patricia Pazner, New York, NY (Samantha Jerabek of counsel), for appellant.
Michael E. McMahon, District Attorney, Staten Island, NY (Thomas B. Litsky and Nicole Kaye of counsel), for respondent.

[*1]
DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Lisa Grey, J.), rendered October 6, 2022, convicting him of attempted criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
Under the totality of the circumstances, the record demonstrates that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Thomas, 34 NY3d 545; People v Lopez, 6 NY3d 248). Contrary to the defendant's contention, the Supreme Court adequately explained, and the defendant acknowledged that he understood, the nature of the right to appeal and the consequences of waiving that right, and the court did not mischaracterize the nature or scope of the waiver (see People v Morao, 238 AD3d 1175, 1175; People v Sobers, 235 AD3d 908, 909). Additionally, the written appeal waiver signed by the defendant adequately supplemented the oral colloquy (see People v Morao, 238 AD3d at 1175; People v Hendricks, 224 AD3d 705, 706).
The defendant's valid waiver of his right to appeal precludes appellate review of his challenge to the Supreme Court's suppression determination (see People v Mincy, 240 AD3d 615, 616; People v Callejo, 237 AD3d 1218, 1219) and precludes appellate review of his contention that the sentence imposed was excessive (see People v Lopez, 6 NY3d at 255).
The defendant's appeal waiver does not preclude appellate review of his contention that Penal Law § 265.03(3) is unconstitutional under New York State Rifle & Pistol Assn., Inc. v Bruen (597 US 1). However, the defendant's contention that this statute is unconstitutional is unpreserved for appellate review and, in any event, without merit. The Bruen decision had no impact on the constitutionality of New York State's criminal possession of a weapon statutes (see People v Johnson, ____ NY3d ____, 2025 NY Slip Op 06528; People v Mitchell, 244 AD3d 1005).
BARROS, J.P., BRATHWAITE NELSON, LOVE and QUIRK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court